## Thompson v. Dickerson *et al.*

1. **Official bond: LIABILITY OF SURETIES.** The sureties in a substituted official bond are not liable for moneys coming into the hands of their principal before its execution, and during the existence of a prior bond, in place of which the substituted one was given.

*Appeal from Jones District Court.*

MONDAY, JUNE 17.

APPELLANTS (Spear and Sheean) were the sureties of their co-defendant, Dickerson, on his official bond, as justice of the peace. The facts tending to, and which were held by the District Court sufficient to fix their liability, will be found referred to in the opinion.

*J. L. Sheean* for the appellants.

*C. R. Scott* for the appellee.

WRIGHT, J.—On the 12th of September, 1861, plaintiff left with Dickerson, then a justice of the peace, a note on
one Squires, for collection; upon which he recovered judgment on the 6th of January, 1862, and which was paid in full. The then term of office of the justice expired in December, 1862, and he was elected his own successor; giving a new bond in January 1863.

1. OFFICIAL BOND: liability of sureties.

In September, 1863, the sureties on this bond applied, under sections 652–655, to the proper officer to be released, and that their principal give a new bond. The order was made, and the bond in suit given, dated September 30, 1863, conditioned in the usual form that he would "pay over to the officer, or person entitled thereto, all money which may come into his hands by virtue of his office." The judgment did not show when it was paid, but the note contained an indorsement by the justice that it was paid January 16, 1862, with costs of suit. In October, 1863, the plaintiff demanded of the justice the amount of the note. He neither admitted nor denied its collection, but refused to pay over any amount whatever. In January, prior, he demanded the money; the justice paid him part, and stated that he had not collected the balance. March, 1864, and after the justice had resigned, he again called and received the same answer. Upon these facts, the court below found for plaintiff and rendered judgment accordingly.

We think this judgment should be reversed. When the new bond was given the former sureties were released from liability for future but not for prior acts, and, by the very terms of the substituted bond, the new sureties were liable for after but not prior delinquencies. Rev., § 655.

If there is any testimony as to when this money was collected, it was long prior to Dickerson's second election, and before giving the bond for which that in suit was substituted. If this is not true, then plaintiff at least does not show that the money was paid *after* this bond was given, and, until this is shown, there could be no right of action against these sureties. The time of making the demand and the refusal to pay is not the test; but, in determining the rights of the sureties on the several bonds, the inquiry is, when was the money received? That is to say, if the money was received in 1862 the sureties on the bond given in 1863 would not be liable, though the refusal to pay was after that date. And the same is true as to those executing the substituted bond. If plaintiff, therefore, would recover against such sureties, he should establish that the justice received the money after the bond was made. This was not done, and the judgment in his favor was therefore not warranted.

, This bond was not retrospective in its terms, and, in such a case, there can be no ground for claiming that it covered past delinquencies. As sustaining the conclusion reached, see *Mahaske Co.* v. *Ingalls* (16 Iowa, 81). (The bond in the case before us, it will be remembered, was a substitute for the old one,' and not an additional one.) *Bessinger* v. *Dickerson,* 20 Id., 260; *Myers* v. *United States,* 1 McLean, 493; *Farrar and another* v. *United States,* 5 Pet., 373; *Bigelow* v. *Bridge,* 8 Mass., 275; *Warren Co.* v. *Ward,* 21 Iowa, 84.

If this action was on the bond given January, 1863, and it appeared that the money was in fact not presumptively then in the hands of the principal, but afterward passed to him as his own successor, a very different question might arise. Here, however, there was a new bond, the language of which must speak for itself; the money, as far as shown, was not at the time in fact in the principal's

hands; and measuring the sureties' liability, as we are bound to do, by strict law, we cannot extend or alter the terms of their undertaking, so as to cover past delinquencies. *Miller* v. *Stewart*, 9 Wheat., 681; *United States* v. *Giles*, 9 Cranch, 212 (3 Consd., 377).

Reversed.