District Township of Fox v. McCord.

DISTRICT TOWNSHIP .OF FOX v. McCORD ET AL.

1. **Public Officer**: CUSTODIAN OF PUBLIC FUNDS: LIABILITY OF SURE-
TIES. Where an officer charged with the custody of public funds is re-
elected, and serves for two or more terms, the sureties on his bond for a
subsequent term are, *prima facie*, responsible for the balance with which
he was properly chargeable at the close of the previous term, the pre-
sumption being, in the absence of evidence to the contrary, that such
balance was then in his hands; the presumption is not changed by the
fact that no settlement was made with the officer at the close of the pre-
vious term, as required by section 690 of the Code.

*Appeal from Black Hawk District Court.*

WEDNESDAY, SEPTEMBER 22.

ACTION upon a district township treasurer's bond. The
defendant H. J. McCord was the duly elected and qualified
treasurer of the plaintiff district township, for the year com-
mencing September 19, 1877. The other defendants were
sureties upon his official bond. The petition avers that as
such treasurer he received large sums of money, and wrong-
fully appropriated the same to his own use. The answer con-
tains a general denial. There was a trial by jury, and verdict
and judgment were rendered for the defendants. The plain-
tiff appeals.

*Boies & Couch*, for appellant.

*Miller & Preston*, for appellees.

ADAMS, CH. J.—The defendant McCord was district town-
ship treasurer during the preceding year. No settlement was
1. PUBLIC offi-
cer: custody
of public
fund: liability
of sureties. had at the close of the year, but a settlement was
had in April of that year. The plaintiff intro-
duced a witness for the purpose of showing the
amount of money which the treasurer had then on hand.
The defendants objected, and the court sustained the objec-
tion, to which the plaintiff excepted.

The plaintiff proposed to show the amount of money on hand in April, and follow that by showing the receipts and disbursements between that time and the end of the year. It is insisted that unless it should appear from the receipts and disbursements that all the money had been properly disbursed, the presumption would be that the balance was still in the hands of the treasurer when he entered upon his second year. The question raised is one simply of evidence. It is undisputed that the sureties upon the bond are liable only for defalcations occurring during the time covered by the bond. This was expressly held in *Ind. District of Montezuma v. McDonald*, 39 Iowa, 564.

In the case at bar, the plaintiff seeks to charge the defendant sureties by showing the amount in their principal's hands in April prior to the September in which the bond in question was executed.

The defendants insist that such evidence is immaterial, because all the defalcations for which they are sought to be held may have occurred between April and September, and that there is no presumption that they occurred later.

The rule, however, seems to be that where an officer charged with the custody of public funds is re-elected one or more times, and serves two or more terms, the sureties upon a subsequent bond become *prima facie* responsible for such balance of the previous account as is chargeable to their principal. The doctrine is that the officer, when he enters upon a subsequent term, must be presumed, in the absence of evidence to the contrary, to have on hand all the funds with which he is chargeable. *Bruce v. United States*, 17 Howard, 437; *Kelley v. The State*, 25 Ohio St., 567; *Kagy v. Trustees*, 68 Ill., 75.

The defendants claim that a different doctrine was held in *Thompson v. Dickerson*, 22 Iowa, 360.

But the bond in that case was not given for the security of public funds. The bond was that of a justice of the peace. The claim was for money collected by him for the plaintiff.

The court held that the bond could not be regarded as covering money collected during a previous term.

A bond given for the security of public funds would, without question, cover money collected and actually carried forward from a previous term. The question in the case at bar is as to the evidence which is admissible to prove that the money was actually carried forward. Taking the presumption to be that that is on hand at a given time which ought to be on hand, proof of what ought to be on hand at a given time would be *prima facie* evidence that it was.

The defendant sureties claim, however, that this rule must be deemed to be abrogated by section 690 of the Code, which provides for a settlement with a re-elected officer at the beginning of his subsequent term, and before the approval of his bond for that term. Their argument is, if we understand it, that such settlement, if made, would enable the plaintiff in an action upon the bond to show precisely what funds were on hand, and if no settlement is made, and the amount on hand is not ascertained as the law contemplates, then it must be conclusively presumed that no money was on hand, and none carried forward.

If a settlement had been made preliminary to the approval of the bond, as the law contemplates, possibly evidence of the result of that settlement would be regarded as the best evidence. We see no other benefit that the sureties could be allowed to derive from this statute.

No settlement preliminary to the approval of the bond appears to have been made, but this fact could not, we think, have the effect to exempt the sureties. We see no reason why the sureties upon a bond given to secure the official rectitude of one public officer should be allowed to escape liability by reason of the laches of other public officers.

In our opinion, the court erred in excluding the offered evidence, and the case must be

REVERSED.