Parker, C. J.,
delivered the opinion of the Court. The question in this case turns upon the assignment, in the replication, of a breach of toe condition of the bond. That breach is the non-payment of a sum of money received by the principal as the fees of the crier of the Court.
The condition of the bond is very general, providing only for the faithful execution, by the clerk, of his trust, and for the keeping up of the records; and this is in pursuance of the statute of 1786, c. 57, § 3, which provides for the safe keeping of the records. By the statute of 1795, c. 41, commonly called the fee bill, it is made the duty of the clerk to receive the fees of the crier for his use. The bond in suit was given to the county treasurer, to secure the faithful discharge of duty by the principal obligor, as clerk of the Court of Common Pleas, and to keep up seasonably the records.
It is contended by the plaintiff, that this breach is well assigned, because, it being made the duty of the clerk to receive the fees of the crier, it was his duty to pay them over ; and a failure of that duly upon demand is a breach of the bond. And this would be a just conclusion, if we were satisfied that the legislature, in requiring a bond in this form, intended to secure to individuals an indemnity for such omissions by the clerk as would be injurious to them. But, 0 upon duly considering the condition of the bond, and the statute upon which it is founded, we are satisfied that such was not the intent of the legislature.
There is nothing in the act which shows a design to protect individual sufferers against the negligence of the clerk to pay over moneys which may come into his hands. The bond is given to the treasurer of the county, as the representative, in this respect, of the inhabitants. The * penalty is discretionary with the Court between fifty and three hundred pounds, *215 the largest of these sums being wholly inadequate, if it was intended to cover all the possible delinquencies of a clerk. There is no mode pi escribed by which the individual is to maintain an action upon the bond. Nor is there any authority given to the treasurer to deliver over the bond, or even a copy of it, or to pay over the proceeds of a judgment to him who shall cause the suit. Nor is the person, for whose use the action may be brought in the name of the treasurer, made liable to the costs, in case the suit should fail. The damages recovered by any one officer might consume the whole penalty, and the public be left without any of the security which was intended for the preservation of the records. In addition to which it is to be ob - served, that the statute makes such an appropriation of the sum, which may be recovered by the treasurer on a suit, as is wholly inconsistent with -the supposition that an individual has an interest in the bond.
The principles applicable to the bond which is given by a sheriff to the Commonwealth are wholly different. By law, the condition of that bond provides against all misfeasances and malfeasances of the sheriff. The penalty may be coextensive with his liabilities ; as the Court are to establish it without any limitation. Provision is also made for the delivery of a copy of the bond, and for the bringing into Court of the original, when an action is commenced upon it at die suit of ah individual. Further, there is a provision that he who procures the suit shall pay the costs, if he fail.
From all these considerations, we are clear that no breach of the bond sued in this action is alleged; and that the crier, who has sought this relief, must look to the clerk himself for retribution. It is best, perhaps, that those officers of the Court for whom the clerk is the collector should know that they depend on his personal responsibility; that they may adjust their claims and receive their dues at the end of every term, or make such a representation to the Court as will produce a removal of the delinquent clerk, * instead of suffering money to accumulate in his hands, thus giving him a temptation which might lead to a serious injury to his sureties-

jReplication adjudged bad.