GILBERT *against* ISHAM.

Where a person appointed attorney for the state for the county of *N. L.*, gave bond with surety, to the state treasurer, conditioned, that such attorney should annually account for and pay over, according to law, all moneys belonging to the state, which he might receive as such attorney; and in an action on such bond against the surety, it appeared, that the moneys received by such attorney on all bonds made payable to the state treasurer, had been properly accounted for, but that on bonds and fines by law made payable to the county treasurer, certain sums received by him were not accounted for; it was held, 1. that the same construction was to be put upon the bond, in this suit against the surety, as in a suit against the principal; 2. that the object of the bond was, to compel the attorney to perform his duty, as a public officer, touching the moneys that would necessarily come into his hands; 3. that unless the words of the bond, fairly construed, included the moneys for which the suit was brought, the defendant could not be subjected; 4. that moneys arising from bonds taken in criminal prosecutions, and payable to the county treasurer, and from forfeitures and fines imposed by the county court, were moneys *belonging to the state*, within the meaning and terms of the bond; and consequently, that the defendant was liable.

THIS was an action brought by *Joseph B. Gilbert*, as treasurer of the state of *Connecticut*, and successor of *Isaac Spencer* in that office, on a bond executed by *Jirah Isham* as principal, and *John Isham* as surety, to said *Spencer*. The condition of the bond was in these words: "Whereas the above bounden *Jirah Isham* is duly appointed, by the county court for the county of *New-London*, attorney for the state of *Connecticut*, to serve within and for said county of *New-London:* now, if the said *Jirah Isham* shall annually account

*New-London,*
*July, 1844.*

Gilbert
*v.*
Isham.

for and pay over, according to law, all moneys belonging to the state, which he may receive as attorney for the state, then the above obligation to be null and void, otherwise to remain in full force and virtue." The declaration averred, that said *Jirah Isham* entered upon the duties of his said office, and continued to exercise the same for the period for which he was appointed ; and that during said period, he, as such attorney, received divers sums of money belonging to the state, and by law payable to the treasurer of said *New-London* county, for penalties and fines imposed by said county court upon divers persons prosecuted before said court for offences against the state, and upon divers bonds of recognizance payable to the treasurer of said county, which had become forfeited, by the failure of the parties thereto, when so prosecuted, to appear and answer, and abide the judgment of said court in the premises ; which moneys, so received by the said *Jirah*, amounted to the sum of 2000 dollars, and were received from the following persons, [naming them,] and that said *Jirah*, having received said moneys belonging to the state, and payable to the treasurer of said county as aforesaid, did wholly fail to account for and pay over the same, according to law, to the treasurer of said county ; nor did he, at any time, pay the same, or any part thereof, to any person by law authorized to receive the same.

While the cause was on trial before the superior court, at an adjourned term in *July*, 1844, it was admitted, that the moneys received by said *Jirah* on all bonds made payable to the state treasurer, had been properly accounted for and fully paid ; but that on bonds and fines by law made payable to the county treasurer, certain sums received by such attorney were not accounted for. The question whether the defendant, the surety in the bond, was liable in this suit for such sums, was thereupon reserved for the advice of this court.

*Strong* and *Wait*, (state's attorney,) for the plaintiff, contended, 1. That the office of *Isham* was a *state* office, though its duties were to be performed within the county. It is for a violation of the laws of the *state* that this officer prosecutes. He is, in every sense, the *state's* attorney, and not the officer of the county. The *state* is the party intended to be protected by the bond.

New-London,
July, 1844.

Gilbert
v.
Isham.

2. That the bond is to receive a *fair construction*, according to its intent and object; and this construction must be the same, whether against the principal or the surety.

3. That this bond is to stand as security for all moneys, received by the attorney, *belonging* to the *state*, without regard to the treasury into which the moneys are payable.

4. That the moneys in question *belong* to the *state*. They were not only recovered by an officer of the state, for violations of the laws of the state, but if they are not paid over according to law, the state is the sufferer; for if these moneys, with the avails of the court, are insufficient to defray the expenses for the year, the deficiency is paid out of the state treasury. *Stat.* 634. *tit.* 112. *s.* 15. (ed. 1838.) The provision of law requiring such moneys to be paid into the county treasury, is a mode of appropriation, by the state, of its own revenues.

*Foster*, contra, contended, 1. That the condition of this bond ought to receive a *strict* construction as against the surety—*i. e.* a *liberal* one in his favour. *Hurlstone on Bonds,* 108, 9.

2. That the moneys in question *belonged* to the county treasury; and therefore, are not embraced by the terms of the condition. The 147th section of the act concerning crimes, declares, that "all fines, forfeitures and penalties, (unless otherwise expressly disposed of by law,) if imposed on any person, by the superior court, for any matter of delinquency, shall *belong* to the state treasury; if by the county court, to the county treasury; and if by a justice of the peace, to the treasury of the town wherein the offence was committed." *Stat.* 178. (ed. 1838.) The provisions of the 10th and 16th sections of the act establishing the treasury department, fortify the position, that moneys payable into the county treasury *belong* to that treasury. *Stat.* 632, 3. 634. (ed. 1838.) It was in view of these provisions that the bond in question was taken, to secure the moneys belonging to *the state*. To extend it to the other moneys mentioned in the statute, would be to make a new contract.

3. That the decisions in analogous cases require the construction claimed by the defendant. Lord *Arlington* v. *Merricke,* 2 *Saund.* 411. *Wright* v. *Russel,* 2 *Bla. Rep.* 934. *Weston* & al. v. *Barton,* 4 *Taun.* 673. 682. *Liverpool Wa-*

New-London,
July, 1844.

Gilbert
v.
Isham.

ter-*Works* v. *Atkinson,* 6 *East,* 507.    *Bigelow* v. *Bridge,* 8 *Mass. R.* 275.    *Dedham Bank* v. *Chickering,* 3 *Pick.* 335. *Union Bank* v. *Clossey* & al. 10 *Johns. R.* 271.    *Crocker* v. *Fales* & al. 13 *Mass. R.* 260.    *Whitwell* & al. v. *Burnside,* 1 *Metc.* 39. 42.    *Spencer* v. *Watkinson* & al. 11 *Conn. R.* 1.

HINMAN, J.    The condition of the bond in suit, is, " that the attorney for the state for *New-London* county, annually account for and pay over, according to law, all moneys belonging to the state, which he may receive as attorney for the state ;" and it being admitted that the late attorney for the state in *New-London* county, has received, as such, certain moneys, the avails of bonds and fines, by law directed to be paid to the county treasurer, which he has not accounted for, or paid over ; the question is, whether the above condition is broad enough to embrace these moneys.

It was said, in the argument, that as this was a suit against a surety, he was entitled to the benefit of a strict construction of the bond.    But we can not put a different construction upon it, than what we should put upon it, if the principal was in full life and a party to the suit.    The instrument was executed by both principal and surety.    They jointly obligate themselves by it.    We can not, therefore, give it any more favourable construction for the one, than for the other.    And on the other hand, the object of the state, in taking the bond, obviously, was, to compel the attorney to perform his duty, as a public officer, touching the moneys that necessarily would come into his hands.    It can not, therefore, be supposed, that the intention was, that it should include but a part only of the duty, which the attorney ought to perform.    And if such is the operation of it, it must be, either in consequence of some defect in the law directing a bond to be taken, or of some mistake in drawing up the instrument itself.    But, though the object is most manifest, still, we can not be governed by this, in giving the instrument a construction ; for, unless the words, fairly construed, include the moneys for which the suit is brought, the defendant is not to be subjected.

Are then the moneys arising from bonds, taken in criminal prosecutions, and payable to the county treasurer, and from forfeitures and fines imposed by the county court, the state's

*New-London,*
*July, 1844.*

Gilbert
*v.*
Isham.

moneys? We think they are. They arise from breaches of the laws of the state. The attorney is the representative of the state in suing for the recovery of them. He prosecutes for the state in all criminal cases; and he is appointed to plead, in all matters, in which the public are interested. No bond is required to be given to the county treasurer; and the reason, doubtless, is, because it was not supposed to be necessary. Besides, this money is appropriated for the payment of such expenses as the state must otherwise incur on account of the county court; and if it proves insufficient, the comptroller is directed to draw an order on the state treasurer, for the deficiency. *Stat.* 634. (ed. 1838.) It is true, that in the act concerning crimes and punishments, *sec.* 147. fines, &c. imposed by the county court, are said to belong to the county treasury. But the object of this was not to give the money to the county. It was rather to place it in the county treasury, as a convenient place of deposite, for the fund appropriated for the payment of such expenses as the state must incur, in sustaining the county court.

The county treasury is, for this purpose, one department of the state treasury; and the money deposited there, is as much the state's money, as if deposited in the state treasury. Money collected by the post-office department, is often said to belong to the post-office, because it is appropriated by the government to sustain that department. But was it ever doubted, that it belongs, nevertheless, to the *United States?*

The authorities cited, by the defendant, have little or no application to the case before the court. Lord *Arlington's* case, and the case in 6th of *East*, only decided that bonds taken from a public officer, for his faithful accounting, &c. did not extend, so as to embrace moneys received after the office had expired. And the case of *Crocker, treas.* v. *Fales* & al. 13 *Mass. R.* 260. which was most strongly pressed upon us, only decided, that it was no part of the duty of the clerk of the court of common pleas, which was secured by his bond, to pay over money belonging to the crier of the court. The bond in this case was for a faithful discharge of duty; and the court held, that it was not its object to protect individual sufferers, but that it was given to the treasurer, as the representative of the inhabitants of the county.

*New-London,*
*July, 1844.*

Gilbert
*v.*
Isham.

Upon the whole, we are of opinion, and therefore advise the superior court, that the plaintiff is entitled to recover the moneys demanded in this suit.

In this opinion the other Judges concurred.

*Judgment for plaintiff.*