### WARREN COUNTY v. WARD *et al.*

1. Treasurer: PARTIAL PAYMENT. A county treasurer and his sureties are liable on his bond for moneys received by him from tax payers in partial payment of taxes.

2. —— BOND: PRIOR DELINQUENCIES The sureties upon a treasurer's bond are not liable for his official delinquencies prior to the execution of the bond.

3. —— FORMER JUDGMENT. A judgment against a treasurer and his sureties upon his first bond, for a breach in refusing to account for moneys received after its execution and before the execution of a second bond is no bar to an action on the second bond, for a failure to account for moneys received after its execution but during the same term of office.

*Appeal from Warren District Court.*

THURSDAY, JUNE 28.

WARD was elected treasurer of Warren county in 1859, and entered upon the discharge of his duties on the 1st day of January, 1860. At this time he executed his official bond, with Vanfull and others as his sureties. Between this and the first of the next January, he received from

tax payers what are termed " partial payments " on their taxes. On the 9th of January, 1861, he executed, upon the requirement of the board of supervisors, a further bond, as provided in chapter 41 of the Revision. After this he received other " partial payments," and this action is brought on the additional or second bond, for the money thus received after its execution. On the same day, and after his official term had expired, an action was brought on the first bond, for such payments received after its execution, and before giving the second one. There was a trial upon the issues joined in that action, resulting in a judgment in favor of plaintiff. Defendants answered the adjudication upon the other bond, in bar of this action, to which there was a demurrer; demurrer sustained; they stood upon their answer and appeal.

*Polk & Hubbell* and *J. M. Dow* for the appellants.

I. The county treasurer has no right to receive partial payments on taxes. If he does, such payments are without .authority, and he is accountable to the party from whom he received them and not to the county. Revision of 1860, § 760.

II. The payment on Ward's first official bond and the satisfaction of such judgment, is a bar to the recovery on the second bond, because

1st. The two bonds were given for the same term of office, and constitute but one obligation in law. Rev., 1860, §§ 554, 649, 650, 651, 659; *Dearing* v. *The Earl of Winchelsea*, 1 Lead. Cas. in Eq., top page 131, side 78; also note to same case, top page 136; *Hutchcraft* v. *Shrout*, 1 Monr., 208; *Pendleton* v. *Bank of Sly*, 1 Id., 177.

2d. A party cannot split up his cause of action. If he does so, a judgment on one suit will be a bar to a suit for

Warren County v. Ward.

the other part. 1 Chitty's Plead., 199, note; *Smith* v. *Jones*, 15 Johns., 229; *Willard* v. *Sperry*, 16 Id., 121; *Avery* v. *Fitch*, 4 Conn., 362; *Vance* v. *Doncaster*, 3 Haw., 130; *Colvin* v. *Corwin*, 15 Wend., 557; 13 Id., 664; *Duncan* v. *Insurance Company*, 6 Id., 492; *Jones* v. *Blanton*, 6 Ired., 115.

3d. If the sureties on the first bond are released from any action for moneys collected after the second bond was given, then the sureties on the second bond are released. 2 Lead. Cases in Equity.

4th. It is not necessary that the parties should be the same to plead a former adjudication. *Davis* v. *Melburn*, 4 Iowa, 246.

*H. W. Maxwell* for the appellee.

1. Partial payments of taxes are moneys that come into the hands of the treasurer by virtue of his office and therefore he is accountable to the county for them. Rev., §§ 554, 798; *Delaware County* v. *Griffin*, 17 Iowa, 166; *Mahaska County* v. *Ingalls*, 16 Id., 81.

2. The defendant's liability on his first bond was separate from his liability on his second bond, and a cause of action, as set forth in the first suit, had accrued against him on the first, before the second was given. Rev., §§ 798, 799; Acts 1858, p. 326, § 17; Code, p. 31, § 158.

3. Sureties on the treasurer's bond are not liable for past defaults, unless so expressed in the bond. *Mahaska County* v. *Ingalls*, 16 Iowa, 81, and authorities there cited.

4. Suit and payment on part of a cause of action, does not bar a recovery on the balance. *Campbell* v. *Ayres*, 9 Iowa, 108; Rev., §§ 2845, 3127.

5. Ward's two bonds were separate and distinct obligations, and the sureties on them were under separate and

distinct liabilities. See the bonds and the authorities above cited; also Rev., §§ 649, 659.

6. The second suit is upon a separate obligation from the first, and with separate and distinct parties, therefore it could not have been joined with the first suit. Rev., §§ 2844, 2845.

7. The first suit was for a cause of action entirely separate from the second, and therefore no bar to the second. *Gardner* v. *Buckbee,* 4 Barb., 36, 457 *Clark* v. *Sammons,* 3 Cow., 126; *Whitaker* v. *Johnson County,* 12 Iowa, 368, 596; *Griffin* v. *Seymour,* 15 Id., 30; *Carl* v. *Knott,* 16 Id., 379. 382.

WRIGHT, J. — Two questions are made on this appeal. The first is, whether the treasurer and his sureties are liable for the moneys charged, inasmuch as they were not received in *full* payment of the taxes from the individual tax payers, but as partial or *pro tanto* payments, the same being entered by him on the tax books as a credit opposite the names of such tax payers. This money came into his hands as treasurer, and it is our opinion that he was as much liable for it as though each tax payer had paid the full amount assessed against him. The officer was, perhaps, not bound to take the money in this way; but if he did, accepting it as treasurer, he held it for the county, or the respective funds, as fully as though the last cent had been paid. It is not as though it had been left with him on deposit until the whole could be paid. The tax payers paid it to be applied on their taxes, and it was so received. It might as well be claimed that he and his sureties could not be bound for money paid in part discharge of a school fund mortgage, or any other debt coming to his hands as the custodian of the public funds. It is true he could not be required to give receipts for such partial payments, but if the money

*1. OFFICER: TREASURER: partial payments.*

can be traced into his hands, we entertain no doubt as to his official liability. Applicable to the principle involved, see *County of Mahaska* v. *Ingalls*, 16 Iowa, 81.

II. The second and main point is that the judgment on the first bond (which was satisfied) is a bar to any recovery on this. The position is that the two bonds were given for the same official term; that they constituted but one obligation in law; that a party cannot split up his cause of action except at the peril of having the first judgment and its satisfaction operate to bar a second recovery for so much as was omitted. And as a part of the same argument it is insisted that the sureties on the first bond are released from any further liability; that if the sureties in the present action pay the amount now claimed, they cannot enforce contribution against those on the first bond; that this right is lost to them by the act of plaintiff, and, therefore, there should be no recovery; for that the release of the others releases these.

2. —— bond; prior delin- quencies.

This question has been very fully presented and has received our most careful attention. Our opinion is, that the defense is not available, and that there was no error in sustaining the demurrer to this part of the answer. We shall undertake to do no more than state briefly the reasons leading to this conclusion.

It must be admitted that these sureties could not be made liable for the money received prior to the execution of this bond, unless, of course, the failure to pay over, or defalcation took place after that time. That is to say, they would not be liable for the treasurer's prior derelictions of duty or misconduct. This was expressly ruled in *Mahaska County* v. *Ingalls*, 16 Iowa, 81, and see the cases there cited, and particularly of *Myers* v. *United States*, 1 McLean, 493. The consequence is, that they would not be liable for moneys by him received, which before that time he had omitted or failed to account for.

3. —— former judgment.

And, therefore, they could not. appropriately have been sued for the sums recovered against the other sureties. And this proposition is sustained by the next and important consideration, that by the law it was made the duty of the treasurer, to make with the board of supervisors in January and June of each year, a full and complete settlement, at which he is required to present an account of all receipts and disbursements in his office from the time of his preceding account to the day preceding the meeting of the board, bringing down the balances of his preceding account, if any. Rev., § 798 ; Code of 1861, §§ 157, 158; Laws of 1858, ch. 152, § 71. These several statutes differ in some respects as to the time of the several settlements, but all require one of them to be at the meeting of the board (formerly the county judge) in January of each year. When these settlements are made, if there is a failure to account for any moneys received, there is an immediate official delinquency. These settlements, especially the one in January, are intended to close up and show the financial condition of the county, and the amount of funds in his hands to that time or the close of the year. These settlements constitute in effect an account stated. By them the treasurer says, in effect, that since my former settlement and this one, I have received and disbursed so much money, and no more. The acts are several, and if there is an omission of duty the right of action is immediate. To illustrate, if he should fail, neglect and refuse to make such exhibits or settlements, each refusal would entitle the county, if it so elected, to a distinct cause of action; and this line of argument is much strengthened by the thought, already somewhat adverted to, that in January there is the commencement of a new fiscal year. The newly elected officers enter upon their official duties at that time ; and one year is to some extent separated from the other. The taxes for each year are collected and

kept separate. He is to keep a separate account for each year. And this being so, it seems to us quite clear that when the treasurer settles in January, and fails to account for all moneys received during the preceding year, such delinquency or failure may be treated as a cause for a separate action for the sums thus unaccounted for. If in making his settlement the succeeding January, he fails in like manner for the year then preceding, there is another delinquency and another cause of action. True, both might be joined in one action, but a failure to do so, would not make a recovery and satisfaction for the first delinquency, a bar to a recovery for the second.

We concede the justice and equity of the rule for which the appellants contend. We acknowledge, also, that it is founded in principle, and ought not to be departed from. And yet it ought not to be carried beyond the reason for it, nor applied to causes when it works manifest injustice and hardship. Nor is it clear in this case that there is a delinquency, and that it was not recovered for in the former action. It is equally clear that the money was not received until after the bond was given, nor until after the date of all the items claimed and recovered against the other sureties; and under the facts stated in the pleadings, and as found in the other case, there was a complete cause of action on the other bond at the time this was executed. After this, defendant's liability commenced, and the defalcation now claimed for occurred. There is, to our minds, in these facts, a clear dividing line, and to apply the rule contended for, would be most unreasonable and manifestly unjust.

If we are correct in these views, it follows that this action could have been maintained against the sureties on the first bond. And if so, they were not released by the former recovery and the satisfaction of the judgment, and, as a consequence, there is in *such satisfaction* no impedi-

ment in the way of sureties on this bond, insisting upon contribution for what they may pay in this case. Whether there may not be other difficulties in the way of such recovery, we do not stop to inquire, as no such question is before us.

Upon the general question here discussed, we refer to *Phillips* v. *Berrick*, 16 Johns., 136; *Secor* v. *Sturges*, 16 N. Y., 548. Of course, we need not say that this is quite unlike the case of *Farrington* v. *Payne*, 15 Johns., 432, and others like it, where there was a single indivisible act of trespass in relation to several chattels, and where it was most correctly held that plaintiff could not split his claim for damages, and bring separate actions for each particular article. To allow this would be in the teeth of all the authorities. So this is clearly distinguishable from *Willard* v. *Sperry*, 16 Johns., 121, cited by appellant, where the plaintiff brought five separate actions for money due upon the same promissory note. Most indisputably the note formed an indivisible contract, and could not be the foundation of several suits. Nor is the case of *Smith* v. *Jones*, 15 Johns., 229, any more analogous. For there the plaintiff sold three barrels of potashes, *at the same time, by one entire contract.* Two actions being brought, dividing the entire demand, it was held that both were erroneous, and constituted a fatal objection to the judgments appealed from.

But without pursuing this examination further, we unite in the opinion that the court below did not err, and that the judgment should be

Affirmed.

Cole, J., being of counsel, took no part in the consideration of this case.