THE PEOPLE, use, etc.,

v.

MATTHEW STACY ET AL.

1. EXECUTOR—FAILURE TO PAY OVER.—If an executor fails to pay over money in his possession in pursuance of an order of the county court, after demand made, he is guilty of a *devastavit*, and an action will lie upon his bond therefor.

2. ORDER OF COUNTY COURT.—County courts have jurisdiction in the settlement of deceased persons' estates, and an order of such court to an executor to pay over money found to be due from him is final, and binding upon him and his sureties upon his official bond.

ERROR to the Circuit Court of Morgan county; The Hon. CYRUS EPLER, Judge, presiding. Opinion filed October 28, 1882.

Mr. W. H. BARNES and Mr. CHAS. A. BARNES, for plaintiff in error; that the finding of the county court is binding upon the sureties, cited Ammons v. The People, 11 Ill. 6; Ralston v. Wood, 15 Ill. 159; Gilbert v. Guptil, 34 Ill. 140.

Mr. WILLIAM THOMAS, for defendants in error, cited Dustin v. Hodgen, 47 Ill. 125; National Bank v. Diefendorf, 90 Ill. 396; Booth v. Stone, 75 Ill. 439; Creighton v. Smith, 78 Ill. 250; Miller v. Stewart, 9 Wheat. 680; Waltham v. Simpson, 2 Gilm. 320; Reeves v. Stearn, 2 Hun, 647; Shidow v. Smith, 8 Bush, 601; Allcot v. Helat, 22 La. An. 308; Sharp v. Bedell, 5 Gilm. 88.

HIGBEE, J. This was an action of debt by the People for the use of the legatees of Nicholas King, deceased, against defendant Stacy, as executor of the last will and testament of

The People v. Stacy.

said Nicholas King, and the other defendants as sureties on his executor's bond.

The declaration among other things avers, in substance, that on the 18th day of February, 1878, on a settlement of the accounts of said executor, the County Court of Morgan county in said State, where the letters testamentary had been granted, found that there was due to the persons for whose use this suit is brought, from said Matthew Stacy, as executor of said Nicholas King, the sum of $5,459.73, and then ordered the executor to pay the same, which, after demand and offer of a refunding bond, he refused to do.

To this declaration, defendants in error William Thomas and Jonathan Neely, who were sureties on said executor's bond, filed their plea averring, and setting up matter tending to show that there was not due from the executor to said legatees the sum so found by the county court, but said plea did not attempt to impeach said order for fraud, or to show a want of jurisdiction over the subject-matter of said order or the person of said Stacy, the executor. The plea was demurred to by plaintiffs below, and the demurrer overruled by the court, when, plaintiffs abiding by their demurrer, a judgment was rendered against them and in favor of defendants in error.

Was the demurrer properly sustained to this plea?

The statute confers upon county courts jurisdiction in all matters of probate and settlements of estates of deceased persons. Chap. 37, Sec. 69, Rev. Stat. 1874, p. 339. And as to all matters within its jurisdiction the county court is a court of general jurisdiction, and liberal intendments will be made in its favor. Propst v. Meadows, 13 Ill. 157.

From the averments in the declaration, it would seem that the court, in making the order referred to, was acting within the scope of the power conferred upon it by law; and if so, its order was binding and final, not only upon the executor but upon his securities. They may not have been personally notified of the intended action of the county court, but the law required them to take notice at their peril.

Section 114 of Chapter 3, Rev. Stat. 1874, p. 125, provides that "If any executor or administrator shall fail or refuse to

pay over any moneys or dividend to any person entitled thereto, in pursuance of the order of the county court, lawfully made, within thirty days after demand made for such moneys or dividend, the court, upon application, may attach such delinquent executor or administrator, * * * and moreover, such failure or refusal on the part of such executor or administrator shall be deemed and taken in law to amount to a *devastavit,* and an action upon such administrator's or executor's bond and against his securities, may be forthwith instituted and maintained, and the failure aforesaid to pay such moneys or dividends, shall be a sufficient breach to authorize a recovery thereon."

This provision of the law was known to appellees when they signed the bond, and they are bound by it.

If dissatisfied with the order of the county court, the law authorized them to appeal from it. Not having done so it is as conclusive on them as upon their principal. That this has been the settled construction of this section ever since the case of Ralston v. Wood et al. 15 Ill. 159, see Housh v. The People, 66 Ill. 178.

It follows from what is here said that the plea presented no sufficient defense to the action. By it defendants in error sought show that the amount found due by the county court and ordered to be paid over was not the real and correct amount due them. This they could not lawfully do.

Judgment reversed and cause remanded.

Reversed.