[No. 938.   April 25, 1902.]

EMIL CONWAY, Minor, etc., et al., Appellees, v.
JAMES S. CARTER, Administrator, and L. C.
PARKER, Appellants.

### SYLLABUS.

1.  Where a deceased administrator had in his lifetime, and
as such administrator, collected a life insurance policy, made pay-
able by assignment to the executor, administrator or assigns of
the deceased policy-holder, the beneficiary of the policy is the real
party in interest and a suit may be brought in his name, under
the code, against the sureties upon the administrator's bond, to
recover the proceeds collected upon the policy.

2.  Where the allegations of the complaint are sufficient to
warrant a recovery, and the answer and cross-complaint of the
defendant, surety, admits all the allegations of the complaint, ex-
cept the allegation that the deceased administrator was insolvent
at the time of his death, which was denied, it is not error for the
court to render judgment for the plaintiff upon the pleadings upon
plaintiff's motion, the issue sought to be raised by the answer and
cross-complaint being an immaterial issue.

3.  In such case, a cross-complaint by the defendant surety,
alleging that deceased administrator died siezed of real estate, and
praying that the court order the sale of the same, apply proceeds
to payment of the debts of plaintiff and other creditors, and that
suit on bond be stayed pending such proceedings. *Held*, no bar to
plaintiffs' recovery upon the pleadings notwithstanding the cross-
complaint.

4.  Errors assigned, upon proceedings in the court below, not
objected to in that court will not be considered by this court.

Appeal from the district court of Grant county,
before FRANK W. PARKER, Associate Justice.   Affirmed.

W. B. CHILDERS for appellants.

This, suit being by the trustee of an express trust
is an exception to the rule that suits must be brought
in the name of the real party in interest.   It can only
be brought in the name of the Territory.

Conway v. Carter.

Compiled Laws 1897, sec. 2685, subsecs. 2 and 3; also secs. 2939 and 2940; Woodworth v. Woodworth, 70 Mo. 601; Sickles v. McManus, 26 Mo. 28; State v. Campbell, 10 Mo. 724; Carmichael v. Moore, 88 N. Car. 29; Norman v. Walker, 101 N. Car. 24, 8 Ency. Pl. & Pr., 721-2; Rogers v. Gosnell, 51 Mo. 470; Briggs v. Partridge, 64 N. Y. 357; Kiersted v. Railroad Co., 69 N. Y. 343; Schaefer v. Henkle, 75 N. Y. 378; Henricus et al. v. Englert, 33 N. E. 551, 137 N. Y. 494; 3 Ency. Pl. and Pr., 639.

See also Flynn v. Mass. B. Assn., 152 Mass. 288, 25 N. E. 716; Bailey v. N. E. Ins. Co., 114 Mass. 177; Boss v. Leaman, 2 Code Rep. 1 (N. Y.).

The right of action on a sealed instrument belongs to the party having the legal interest.

Northampton v. Elwell, 70 Mass. (4 Gray) 81; Arkansas v. Bell, Fed. Cases No. 530.

The probate court was not possessed of jurisdiction over the proceeds of the insurance, and its order was a nullity, and any jurisdiction taken on appeal therefrom was also a nullity.

U. S. v. Walker, 109 U. S. 266.

Proceeds of life insurance are not subject to the debts of the deceased, except by special contract or agreement to be made in writing.

Comp. Laws 1897, sec. 2042.

The plaintiff may recover the amount due to her, as money had and received to her use.

Arms v. Ashley, 4 Pick. 71; Wheelock v. Pierce, 6 Cush. 288; Carney v. Dewig, 10 Cush. 498; Gould v. Emmerson, 96 Am. Dec. 723 and note, 99 Mass. 154; Campbell v. Insurance, 98 Mass. 381; Grover v. Grover, 24 Pick. 261; Burroughs v. State Ins. Co., 97 Mass. 359; Joyce on Insurance, sec. 872; Catholic B. Assn. v. Pruit, 46 Mich. 429, 9 N. W. 481-2; 14 Am.

St. 526 and note; Whitehurst v. Whitehurst, 83 Va. 153, 1 S. E. 801; Lewis v. Am. L. Ins. Co., 7 Mo. App. 112; Roppert v. Union Mutual Life Ins. Co., 7 Rob. N. Y. 155; Grattan v. National L. Ins. Co., 15 N. Y.; Greenfield v. Mass. M. L. Ins. Co., 47 N. Y. 430; New England Dredging Co. v. Granite Co., 149 Mass. 381; Winterhalter v. Workmans G. Fund Assn., 75 Cal. 245, 17 Pac. 1.

The surety of an administrator is not liable for sums received, which he was not legally entitled to receive or recover in the discharge of his legal duties as such administrator.

Warfield v. Brand, 76 Ky. 77; Orrick v. Vahey, 49 Mo. 428.

This is true as to exempt property which goes direct to the widow.

Morris v. Morris, 56 Tenn. (9 Heisk.) 814; Speed v. Nelson, 47 Ky. 499; Gambill v. Campbell, 59 Tenn. (12 Heisk.) 737; Wall v. Allen, 63 Tenn. (4 Baxter) 210; Beales v. Commonwealth, 17 Serg. & R. 392; Commonwealth v. Gibson, 8 Watts 214; Commonwealth v. Hilgert, 55 Pa. St. 236; White v. Ditson, 140 Mass. 351, 54 Am. Rep. 473; Newport Probate Court v. Hazard, 13 R. I. 3; Jones v. Hobson, 2 Rand. (Va.) 483; Burnett v. Harwell, 3 Leigh 89; Harrison v. Harrison, 4 Leigh 371.

Surety of an administrator is not responsible on his bond for rents and profits received after the death of the intestate.

State v. Brown, 2 Har. 5; Slaughter v. Froman, 18 Ky. (2 B. Mon.) 95; Oldham v. Collins, 27 Ky. (4 J. J. Marsh) 49; Smith v. Bland, 46 Ky. (7 B. Mon.) 31; Wilson v. Unselt, 75 Ky. (12 Bush.) 215.

It is a general principle that where a will imposes duties of trustee upon the executor, or such duties are

imposed upon an administrator, the sureties on the bond are not liable for any default in the discharge thereof.

> Hinds v. Hinds, 85 Ind. 312; Perkins v. Lewis, 94 Am. Dec. 616; Baker v. Stanford, 53 Cal. 451; Sims v. Lively, 53 Ky. (14 B. Mon.) 433; Neely v. Merritt, 72 Ky. (9 Bush) 346; State v. Tubb, 27 Mo. App. 91.

Some States have statutes regulating the duties of administrators and executors as trustees, and making the bond cover such duties.

> Porter v. Moores, 51 Tenn. (4 Heisk.) 16; Walker v. Potilla, 75 Tenn. (7 Lea) 449.

Judgment on the pleadings could not be rendered in this cause for the reason that it does not appear to whom the policy was first issued.

> 3 Joyce on Ins., sec. 327.

Nor can there be any assignment of a life insurance policy, if its terms expressly forbid the same.

> 3 Joyce, sec. 328.

If the policy was for the benefit of the wife, or the children and wife, even after her death it could not be assigned by the husband, except as to the interest which he would receive in the distribution of his wife's estate on account of the policy.

> 3 Joyce on Insurance, sec. 325; Fordon v. Danford, 104 N. Y. 143; Unity Association v. Dugan, 118 Mass. 219; Charter Oak Life Ins. Co. v. Brant, 47 Mo. 219; Robinson v. Duvall, 79 Ky. 83, 42 Am. Rep. 208; Gosling v. Caldwell, 1 Lea 454, 27 Am. Rep. 774.

The policy under our statute could not have been offered in evidence on the trial of the case, as it was not made a part of the complaint, and no copy was filed therewith.

> Compiled Laws, sec. 2685, subsec. 123; Compiled Laws, sec. 2933.

Generally speaking, judgment on the pleadings is

only proper in cases where the pleadings are insufficient to sustain a different judgment, notwithstanding any evidence which might be produced.

> 11 Ency. Pl. & Pr., 1030; Felch v. Beandry, 40 Cal. 439; U. S. v. Ames, 99 U. S. 45-6; 6 Ency. Pl. and Pr. 334, 336 and notes.

E. C. WADE for appellees.

The objection that this suit could only be brought in the name of the territory, cannot now be raised because it was not raised in the lower court.

> 3 Ency. Pl. and Pr., 722; Brown v. McKee, 108 N. Car. 387; People v. Struller, 16 Hun (N. Y.) 237.

> See also Pueblo of Laguna v. Pueblo of Acoma, 1 N. M. 220; Coler v. Board of Co. Comrs., 6 Id. 88.

The objection was waived by reason of the fact that the appellant declined to stand on his demurrer, but answered over.

> Baell v. Territory, 1 N. M. 507; Overland Dis. Co. v. Wedeles, 1 N. M. 528; Bolton v. Whitmore, 12 Mo. App. 581.

But the objection is without merit. The code provides that every action must be brought in the name of the real party in interest.

> Compiled Laws N. M. 1897; sec. 2685, subsecs. 2 and 3.

In the case of a trustee of an express trust the action may be in the name of either the obligee in the bond or the beneficiary.

> Amason v. Nash, 24 Ala. 279.

The party for whose benefit the bond is executed, whether the obligee or some other person, must sue thereon.

> 3 Ency. Pl. & Pr., 640 and note.

The section relating to the real party in interest is

imperative, while that in relation to the trustee of an express trust is permissive.

> Pomeroy on Remedies and Remedial Rights, sec. 138, 139; Lytle v. Lytle, 2 Metc. 127-8; State v. Johnson, 52 Ind. 197; Shane v. Francis, 30 Id. 92.

In Missouri the statute provides that the action shall be in the name of the Governor of the State.

> Spear v. Thompson, 1 Mo. 581.

A different provision exists in New York.

> Baggett v. Boulger, 9 N. Y. Sup. Ct. (2 Duer) 160; Rowe v. Parsons, 6 Hun 338.

But in any event the defect is one of form only, and may be amended even in the appellate court.

> Prescott v. Farmer, 59 N. H. 90; Nehr v. Armijo, 9 N. M. 341; 8 Ency. Pl. & Pr., 722 and note.

A decree of a probate court against an administrator is conclusive upon his sureties, although they were not parties to the proceeding in which it was rendered.

> 2 Black on Judgments, sec. 589; Irwin v. Bachus, 25 Cal. 214, 85 Am. Dec. 125; Heard v. Lodge, 37 Mass. (20 Pick.) 53, Shelton v. Cureton, 3 McCord 412.

Hence a suit can be maintained on an administrator's bond who has been ordered to pay over money by the probate court.

> Clark v. Fredenburg, 43 Mich. 263, 5 N. W. 306; Ordinary v. Kershaw, 14 N. J. Eq. 527, Nevett v. Woodburn, 43 N. E. (Ill.) 385; State v. Crensbauer, 68 Mo. 254; Field v. Van Cott, 15 Abb. Pr. 349; Lucas v. Gay, 2 Bailey 403; People v. Stacey, 11 Ill. App. 506; Hobbs v. Middleton, 24 Ky. 176; State v. Bierning, 74 Mo. 87; Judge of Probate v. Robbins, 5 N. H. 246; Stovall v. Banks, 10 Wall. (U. S.) 583; Slagle et al. v. Entrecon, 10 N. E. 675;

Ralston v. Wood, 15 Ill. (5 Peck.) 159, 58 Am. Dec. 604; Housh v. People, 66 Ill. 178; Griffith v. Holt, 72 Am. Dec. 273; Dix v. Morris, 66 Mo. 514; Harrison v. Clark, 87 N. Y. 572; Perkins v. Scott, 9 Ohio C. C. R. 207.

And see also Miles v. Commonwealth, 2 Wash. 64; Bryan v. Blakeney Dud. Law. 27; Clark v. Fredenburg, supra; Baggett v. Boulger, supra; Garber v. Commonwealth, 7 Pa. St. (Barr) 265; Lyles v. Brown, Harp. 31; Kennedy v. Crawley, 1 Ky. Law Rep. 346.

The statutes of New Mexico manifestly contemplate the proceeds of a life insurance policy as a part of the estate of the deceased, where the same are made payable to the insured, or assigned by him to his executors, administrators and assigns.

Sections 2021, 2022, 2023, 2041, 1971, 1942, 1966 and 1944, Compiled Laws N. M. 1897; Kelly v. Mann, 10 N. W. 211; State v. Anderson, 84 Tenn. (16 Lea ) 321.

The appellate court is unwilling to encourage technical objections respecting pleadings when made for the first time upon appeal.

Coler v. Board of County Commissioners, 6 N. M. 88; Kyle v. Mays, 22 Ala. 692.

Where a policy is made payable to the insured, or his executors and assigns, and there is no other disposition made of it, the legal representatives of the insured are entitled to the proceeds as a part of the estate.

13 Ency. of Law, title, "Life Insurance," 650 and notes; see, also, Newman v. Covenant, etc., Assn., 40 N. W. 87.

## STATEMENT OF FACTS.

This is an action upon the bond of Thomas F. Conway, deceased, who was during his lifetime, administra-

tor of the estate of Cabell E. Conway, deceased, George D. Jones and L. C. Parker being sureties upon said bond. Judgment was rendered by the court upon the pleadings in favor of plaintiff for $2,444.26, interest and costs. From this judgment, one of the defendants, L. C. Parker, has appealed to this court.

From the record of the proceedings in the court below, it appears that this suit was commenced on the fifth day of October, 1900. To the original complaint a demurrer was interposed by the defendants and the same was in part sustained. An amended complaint was filed to which defendants Carter and Parker filed separate answers and defendant Parker also filed a cross-complaint.

The plaintiffs' amended complaint contained eight paragraphs alleging substantially the following facts: First, that Emil Conway is a minor, and that Jacob Schaublin had been regularly appointed his guardian by the probate court of Dona Ana county and as such had the lawful custody and control of his person and estate; second, that Thomas F. Conway, was lawfully appointed administrator of the estate of Cabel E. Conway, deceased, by the probate court of Grant county December 23, 1897; that he qualified as such; that letters were issued to him and that he entered upon the discharge of the duties and exercised the powers and functions required of him as such administrator, until his death; that he gave bond as such administrator, with George D. Johnson and L. C. Parker, as sureties thereon; that said bond was filed in and approved by the probate court of said county of Grant, conditioned for the faithful performance of the duties of his office as such administrator, as required by law; fourth, that said administrator did not faithfully perform his duties, first, in that he, *as such administrator* received and took into his custody and possession the sum of two thousand four hundred and forty-four and twenty-six one-hundredths dollars, the proceeds of a life insurance policy which Cabel E. Con-

way had during his lifetime taken out in the Northwestern Life Insurance Company, and which said Cabel E. Conway, by assignment, had made payable upon his death to his executors, administrators and assigns, and second, that on the eighth day of September, 1899, in a suit then pending on appeal from the said probate court, wherein the plaintiff by his said guardian was plaintiff and Thomas F. Conway, as such administrator was defendant, the defendant was adjudged to pay over to the plaintiff, through his guardian, the proceeds of such life insurance policy; that the defendant appealed from said judgment to the Supreme Court of this Territory; that while said cause was pending in the Supreme Court, Thomas F. Conway died, and on the fifth day of February, 1900, James S. Carter was duly appointed administrator of the estate of Thomas F. Conway; said Carter was substituted in the cause pending in the Supreme Court, and at the adjourned May term, 1900, the appeal was dismissed and the judgment of the lower court was affirmed in all respects. Copies of this judgment are filed as exhibits to the complaint.

It is further alleged in paragraph 4 "that the said Thomas F. Conway, during his lifetime and while administrator, squandered, wasted and converted to his own use all of the said sum of money so as aforesaid realized from said life insurance policy, and collected and taken into his custody as such administrator as aforesaid, by reason whereof the same became and still is wholly lost to the plaintiff." Fifth, that James S. Carter, has been the duly qualified and acting administrator of the estate of Thomas F. Conway, deceased, since the fifth day of February, 1900; sixth, that the plaintiff by his guardian made proper demand upon defendants, Carter, administrator, and the sureties upon the administrator's bond of Thomas F. Conway, George D. Jones and L. C. Parker, to pay over the money which by the order and judgment of the court they were required to pay, but they and each of them failed and also refused to do so; seventh, alleges

that Thomas F. Conway died wholly insolvent; eighth, that the probate court of Grant county made an order authorizing the plaintiff to bring suit by his guardian.

The defendants Carter, administrator, and L. C. Parker filed separate answers, and the answer of the defendant Parker, who is the sole appellant, specifically admits the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, and 8, and denies the allegations of paragraph 7, which is as follows: "That the said Thomas F. Conway died wholly insolvent; and the answer of Carter, administrator, was to the same effect. Defendant Parker filed also a cross-complaint, which did not deny that the plaintiff was entitled to the money sued for; nor did it deny that the deceased Thomas F. Conway, had collected and converted the money of plaintiff to his own use, but alleged said Conway was not insolvent; that he had a considerable amount of real estate, describing it, and praying that the court should proceed to ascertain the amount of the indebtedness against said Conway's estate; order a sale of his real estate to pay the same, first paying the claim of plaintiff; and praying that the suit be stayed pending such settlement of the estate. Plaintiff filed motions for judgment on the pleadings, and the record reciting, that each of the defendants elected to stand on their several answers, judgment was rendered upon the pleadings against defendant Carter, administrator, and defendant L. C. Parker, as a surety upon the bond of Thomas F. Conway, administrator.

OPINION OF THE COURT.

McFIE, J.—The judgment having been rendered upon the pleadings in this case, the state of the pleadings at the time the judgment was rendered, has been set out above, substantially, in full. The appellant, who seeks a reversal of the judgment, is a surety upon an administrator's bond, and who stands in this court upon his answer in the court below, admitting the execution

of the bond as alleged in paragraph three of the complaint; admitting the allegations of paragraph four, that his principal "did receive and take into his custody and possession as such administrator" the money sued for; admitting also the allegation that Conway "did not faithfully perform his duties as such administrator; admitting the further allegation that the said Thomas F. Conway, during his lifetime and while administrator as aforesaid; squandered, wasted and converted to his own use, all of the said sum of money so as aforesaid realized from the said life insurance policy and collected and taken into his own custody as such administrator aforesaid, by reason whereof the same became and still is wholly lost to the plaintiff," and admitting the allegation of paragraph six that a demand was made upon him and the administrator, his principal to pay over the money which by judgment of the courts he was ordered to pay the plaintiff, and that they failed and refused to do so. These, and many other admissions, having been made by the appellant in his answer, and as the record shows an election to stand upon his answer, the sole denial of which was the insolvency of Conway, deceased administrator, which raised an immaterial issue, the court was clearly right in rendering judgment for the plaintiff upon the pleadings containing such admissions.

The counsel for appellant in this court, W. B. Childers, Esq., did not try this case in the court below, and while counsel now seeks to raise issues not presented to or considered by the trial court, counsel as well as this court is concluded by the record as it comes to us from the lower court, and the case must be decided upon it. The admissions made by the defendant in his answer are conclusive here, as the judgment of the lower court was rendered upon the admissions of the defendant, which have the effect of establishing the facts admitted without the necessity of proof.

The first assignment of error, that the demurrer to the original complaint should have been sustained, will

be overruled for two reasons: First, the demurrer, was sustained in the court below, in part at least, and plaintiff filed an amended complaint. The record does not show any exceptions taken to the action of the court upon demurrer, and the defendant did not interpose a demurrer to the amended complaint, but instead answered the complaint; second, the demurrer to the original complaint did not raise the objection to the complaint sought to be raised in this court. Counsel here contend that the suit must be brought in the name of the Territory, whereas in support of the demurrer in the court below, a non-joinder of parties was urged. Not that the plaintiff in this action was an improper party, but that the Territory and the personal representatives should be joined.

It has been repeatedly held that objections not raised in the court below will not be considered in this court. 1 Ency. P. and P. 722; Brown v. McKee, 108 N. C. 387; People v. Struller, 16 Hun (N. Y.) 234; Pueblo of Laguna v. Pueblo of Acoma, 1 N. M. 220; Coler v. Board of County Commissioners, 6 N. M. 88.

But if counsel for the appellant is correct, that the first clause of appellant's answer properly raises the objection that this suit must be brought in the name of the Territory, we are of the opinion, that under the code of this Territory, the objection is not well taken. Subsection 2 of the code requires all civil suits to be brought in the name of the real party in interest, except as provided in subsection 3, which provides that "An executor or administrator, a trustee of an express trust, or a person expressly authorized by the statute *may* sue in his own name, without joining with him the persons for whose benefit the suit is prosecuted." It will not be contended that under these provisions, the Territory is a person expressly authorized by the statute to sue, because the Territory is not the real party in interest. It is at most, only a nominal party to whom the bond is given as a mere matter of convenience, and the

party entitled to recover the proceeds of a judgment upon an administrator's bond is the real party in interest. That an administrator, executor, or trustee of an express trust, or a person expressly authorized by the statute may bring such action, need not be questioned here, but it does not follow that they must do so, because it will be observed that subsection 3, is different from subsection 2, in that it is a permissive section, and those authorized to bring suits in their own name, may or may not also join the person for whom the suit is prosecuted.

There is no statutory provision prescribing the form of an action on an administrator's bond and specially authorizing the Territory to bring the suit, and in the absence of such a provision of law, we are of the opinion, that the beneficiary under such bond is the real party in interest, who under subsection 2 of the code, is required to bring the suit in his own name. Amazon v. Nash, 24 Ala. 279.

Pomeroy on Remedies and Remedial Rights, in section 138, says: "It is no longer, consistent with the provisions of the codes, possible for one person to sue to the use of another, as was common in some States. The parties beneficially interested must themselves bring the action. There are some cases which hold that when there is a trustee of an express trust, he must bring the action, and that the beneficiary can not in such case sue in his own name, at least, alone. The correctness of this rule may well be doubted. The section relative to the real party in interest is, in all codes, imperative, while that in relation to the trustee of an express trust is permissive." Lytle v. Lytle, 2 Met. 1127; State v. Johnson, 52 Ind. 197; Shane v. Francis, 30 Ind. 92; Wilkes v. Moorehead, Stanton's Code (Ky.) 31. Mr. Pomeroy in section 139 further says: "The result of this and other decisions is, that the third person for whose benefit an undertaking is entered into between other parties, may sue upon it, although such undertaking be an instrument in writing and under seal."

Counsel for appellant directs our attention to some authorities under the laws of Missouri and New York holding a different doctrine, but it will be found that in the States above named, there is a provision of statute prescribing in whose name the action shall be brought, but we have no such statute in New Mexico.

The second ground upon which appellant's counsel seeks a reversal of the judgment in this case is, that the money collected upon the insurance policy by the deceased administrator was not assets in his hands as administrator for the recovery of which the appellant can be held as surety upon the administrator's bond. The answer of the defendant in the court below specifically admitted that the deceased administrator took the money into his custody as administrator, and the answer also admits that the policy of insurance was made payable in case of his death to his executor, administrator and assigns by assignment of Cabell E. Conway to whom the policy of insurance was issued. Under these admissions of the answer this objection has no merit whatever, and the case cited by appellant's counsel, that of the United States v. Walker, 109 U. S. 266, is not in point here. That case is very different from the one now under consideration. It was a case where the Supreme Court of the District of Columbia, undertaking to act under a special statute which gave it authority to compel an administrator to turn over the unadministered assets in his hands to his successor, made an order after the administrator had been removed from office, and had ceased to act as such, to turn over assets that had already been administered by him. The Supreme Court held that the lower court had exceeded the authority granted it by the statute in question, and that its judgment was not binding upon the surety. In the case under consideration, it is specifically admitted that the administrator had the legal right to receive and take into his possession the money collected upon this policy, and also that he did receive and take possession of the money as administra-

tor.   The case in 109 U. S., supra, is to the effect that
a surety on an administrator's bond is not liable for
the unlawful acts of the administrator, and, while such
is undoubtedly the law it is not the law of this case.   In
this case, it is also shown that by a decree of the probate
court, affirmed by the district court, and also by the Su-
preme Court of the Territory, that the money received
and collected upon the insurance policy was so received
and collected by Conway as administrator, and a judg-
ment was rendered against the principal and sureties
upon the bond for the amount thus collected  by the pro-
bate court and affirmed in the district court and also
the Supreme Court, against the legal representative of
the deceased administrator, and the appellant as one of
the sureties on his bond.   A suit on an administrator's
bond can be maintained against the sureties of an admin-
istrator who has been ordered to pay over money by the
probate court, the judgment of that court, and also of
the district and Supreme Courts as well against the ad-
ministrator is conclusive against the sureties.   Clark v.
Freidenburg, 43 Mich. 263; Ordinary v. Kershaw, 14
N. J. Eq. 527; Nevitt v. Woodburn, 43 N. E. (Ill.) 385;
State v. Creusbauer, 68 Mo. 254; Field v. Van Cott, 15
Abb. Pr. (N. C.) 349; Lucas v. Gate, 2 Bailey 403;
People v. Stacey, 11 Ill. App. 506; Hobbs v. Middleton,
24 Ky. 176; State v. Beirning, 74 Mo. 87; Judge of Pro-
bate v. Robins, 5 N. H. 246; Stoval v. Bank, 10 Wal.
(U. S.) 583; Slagle et al. v. Entrekin, 10 N. E. 675;
Ralston v. Wood, 15 Ill. 159; Housh v. People, 66 Ill.
178; Griffith v. Holt, 72 Am. Dec. 273; Dicks v. Morris,
66 Mo. 514; Harrison v. Clark, 87 N. Y. 572; Perkins v.
Scott, 90 C. C. R. 207; Fuller v. Calkins, 22 Iowa 301;
Warren County v. Ward, 21 Iowa 84; Cooley, Const.
Lim., 361; Lammon v. Feusier, 111 U. S. 17.

In the case of Nevitt v. Woodburn, supra, the iden-
tical point sought to be raised in this case, was raised.
It was contended in that case, that the authority to

act as trustee did not devolve upon such administrator; that the sureties on the bond of an executor are not liable for the proceeds of real estate. The court said:

"It thus appears that judgment was rendered against the principal in the bond for money due from him as executor to the estate. This finding that the executor as such owed the money to the estate, is binding on the surety." And the court further said in that case: "That the judgment in such case is *res adjudicata,* and can not be collaterally attacked in the action on the bond."

The case of Carey v. Mann, 10 N. W. 211, decided by the Supreme Court of the State of Iowa, is directly in point here. In that case the court held that the surety on the bond of a deceased administrator was liable for the collection and misappropriation by the administrator, of the proceeds of the life insurance policy made payable to the legal representatives of the deceased, notwithstanding the existence of a statute of that State similar to ours, in exempting such proceeds from the debts of the deceased. At the time this decision was rendered there was a statute in force in Iowa to the effect that a policy of insurance on the life of an individual shall inure to the separate estate of the husband or wife and children independently of creditors. State v. Anderson, 84 Tenn. 321; Wasson v. Colburn, 99 Mass. 342.

It is further contended on behalf of the appellant that the court erred in rendering judgment against appellant because the complaint does not show to whom the policy was made payable, and that by its terms it was assignable. These are matters which, it must now be held, were for the consideration of the probate court in rendering judgment against Conway, administrator for money due the estate of Cabell E. Conway, and found to be in his possession as administrator, and also in the district court and Supreme Court which affirmed the judgment of the probate court; and it is not an available defense by the appellant, in a suit upon the bond of his

principal. The presumption must be indulged that the court in rendering judgment against the principal in this bond, ascertained from proofs to whom the policy was made payable, and also that the same was assignable and properly assigned by Cabell E. Conway, to whom the policy of the insurance was issued. This defense is not available to the appellant here for the further reason that in the court below, the proper assignment of the policy was not questioned. In paragraph four of the amended complaint it was alleged that the policy of insurance was "made payable upon his death by assignment of the said Cabell E. Conway, to his executors, administrators, and assigns," and this allegation is admitted in the defendant's answer. Furthermore whether it was assignable or not assignable by its terms is a matter, which, under existing circumstances, does not concern the appellant; that was a matter between the insurance company and the administrator, and as the company paid the policy to the administrator, the company which had the right to raise the question of non-assignability of the policy, if such policy by its terms was not assignable, waived its right of objection and paid the money to the administrator to whom it was assigned.

The fact that the policy was not filed as an exhibit, nor specifically described in the complaint, is immaterial, as the suit is not upon the policy of insurance, but upon the administrator's bond, and the bond was filed as an exhibit.

The last error assigned is that the court erred in entering final judgment aginst the appellant and in failing to grant the relief prayed for by appellant in his cross-complaint. We have been unable to find any authority which would justify the court in sustaining the contention of the appellant concerning the matter sought to be raised by the cross-bill. The relief sought by the appellant is practically this, that the court should proceed to administer the estate of the deceased administrator to the extent of selling real estate and marshall-

ing the assets of the estate, and applying the same to the payment of this and other debts, prior to the rendition of a judgment against the sureties on his bond as administrator.   In our opinion the law does not contemplate any such action by the court.   When appellant signed the bond sued on in this case, as surety, he thereby obligated himself and entered into a contract to the effect, that if his principal made default and failed to comply with the contract, that he, the surety, would fulfill the obligation of his principal.   There is no provision in the statute that we are aware of for suspending action in a suit upon a bond, pending the marshalling of the assets of the estate of a deceased administrator.   The obligation of the bond is complete in itself, and where the statute does not provide for such delay, nor for the subjecting of the real estate of a deceased administrator, prior to the enforcement of the obligation of the bond against the sureties thereon, the cause must take its usual course and the plaintiff is entitled to judgment.   If the principal has failed to faithfully perform the conditions of the bond by failing to pay over to the proper party, funds rightfully coming into his hands as such administrator, and judgment of a proper tribunal has been rendered against the principal in the bond requiring the same to be paid over, the fact that the deceased administrator, was or was not insolvent and whether or not the deceased administrator had real estate at the time of his death, are immaterial issues which the court had a right to disregard in rendering judgment upon the pleadings in this case.   The surety who is compelled to respond for the default of his principal administrator has his remedy against the estate of his deceased principal, by subrogation to the plaintiff's rights or otherwise but whether he can or can not be reimbursed from the estate of his deceased principal furnishes no valid reason for delay in rendering judgment against the surety in a suit upon the bond.

Finding no error in the record, the judgment of the

court below will be affirmed with costs, and it is so ordered.

Mills, C. J., Baker and McMillan, JJ., concur.

Parker, J., having tried the case below, did not participate in this opinion.